IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN and MARILYN LEWIS, individually and on behalf of the class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, HARTFORD UNDERWRITERS INSURANCE COMPANY, TRUMBULL INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, HARTFORD INSURANCE COMPANY OF THE MIDWEST, HARTFORD ACCIDENT AND INDEMNITY COMPANY, and SENTINEL INSURANCE COMPANY, LIMITED,<br><br>Defendants. | No.<br><br>**NOTICE OF REMOVAL** |

Defendants hereby remove to this Court the state court action described below. This removal is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members that places an amount in controversy in excess of $5 million,

NOTICE OF REMOVAL - 1

and there is minimal diversity of citizenship.

1. This removal is controlled by two clear bodies of law: (1) the United States Supreme Court principle, set forth in *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013), that a class plaintiff cannot put artificial restrictions on the potential class recovery to try to avoid removal; and (2) the Ninth Circuit principle that enhanced damages are included in the amount in controversy for removal purposes, even where not sought in the complaint, where facts that could give rise to such damages are alleged. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001). Plaintiffs here have violated both the above bodies of law by purportedly disclaiming treble damages even though they allege conduct that could give rise to such damages. Yet, Plaintiffs' efforts notwithstanding, *Knowles* and *Gibson* clearly mandate federal removal jurisdiction over this case. Indeed, the applicability of treble damages for purposes of the amount in controversy analysis here is the sole issue for this Court to decide, since it is clear from the Plaintiffs' own allegations as to compensatory damages that if treble damages are included in the calculation, the $5 million amount in controversy threshold is easily satisfied.

## NATURE OF THE CASE

2. Plaintiffs filed this lawsuit on March 13, 2015, in the Superior Court of the State of Washington, entitled *John and Marilyn Lewis v. Hartford Casualty Insurance Company, et al.*, Case No. 15-2-06809-7. Defendants were served on April 1, 2015, so this Notice of Removal is timely filed within 30 days of service.

3. Plaintiffs seek "to recover the actual damages suffered by the Lewises and the members of the Class, all Hartford insureds within the State of Washington," as a result of Defendants' alleged breach of their insurance policies and failure to disclose and properly adjust

Plaintiffs' losses. (Compl., ¶ 1.1.) According to Plaintiffs, Defendants sold automobile insurance policies in Washington providing uninsured motorist ("UIM") coverage.

4. Plaintiffs allege that when class members' automobiles sustain damage, they cannot be fully repaired to their pre-accident condition, and hence suffer a loss in value known as "diminished value." (*Id.*, ¶ 1.5.) According to Plaintiffs, Defendants' policies do not exclude diminished value from UIM coverage, yet Defendants have not adjusted class members' losses to include diminished value. (*Id.*, ¶¶ 1.6-1.7.) Rather, Defendants purportedly fail to "disclose the loss, coverage, or [their] policies regarding adjusting and paying diminished value," and fail to adjust losses to consider and include payment for diminished value. (*Id.*, ¶ 1.7.) Plaintiffs allege that, on June 15, 2014, their 2010 Lexus IS 250C convertible was damaged in a hit-and-run accident, is now worth less after the accident, irrespective of repair, and that, as with other putative class members' claims, Defendants failed to adjust their loss to include diminished value. (*Id.*, ¶¶ 1.8-1.11.)

5. Plaintiffs allege Defendants' conduct violates the Washington Consumer Protection Act, R.C.W. 19.86, *et seq.*, and constitutes a breach of the insurance contracts Defendants issued to their insureds. (*Id., passim.*) Plaintiffs purport to bring this suit individually and as a class action on behalf of a putative class of

> All Hartford insureds with Washington policies issued in Washington State, where the insured's vehicle's damage was covered under the UIM PD coverage, and
>
> 1. The repair estimates on the vehicle totaled at least $1,000; and
>
> 2. The vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and
>
> 3. The vehicle suffered structural (frame) damage and/or deformed

NOTICE OF REMOVAL - 3

sheet metal and/or required body or paint work.

(*Id.*, ¶ 5.7.)

6.    Plaintiffs allege the putative class will include around 1,540 claims, with average damages of $1,460 per claim. (*Id.*, ¶ 2.4.) Plaintiffs allege their compensatory damages will therefore be approximately $2,248,400, but they purport not to seek treble damages, despite their allegations that Defendants' conduct violates the Washington Consumer Protection Act, which allows for such damages. (*Id.*) In addition, Plaintiffs allege their counsel's attorneys' fees will be "at most $777,012.00." (*Id.*)

## THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

The requirements for jurisdiction under 28 U.S.C. § 1332(d) are met here.

**Class Action.**

7.    This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* Plaintiffs title their Complaint a "Class Action" and seek certification of a class of Washington insureds. (Compl, ¶ 5.7.) As such, this action is brought on behalf of a class as defined by CAFA.

**Diversity of Citizenship.**

8.    There is minimal diversity of citizenship here, as required by CAFA, 28 U.S.C. § 1332(d)(2), because Plaintiffs are citizens of Washington and Defendants are non-Washington citizens (and are alleged to be non-Washington corporations by Plaintiffs). (Compl., ¶¶ 3.1-3.10.)

**Amount in Controversy.**

9.   The Ninth Circuit has held that a defendant seeking removal of a putative class action must demonstrate, but only by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013). As one court stated, the "Ninth Circuit recently held that [the United States Supreme Court's decision in *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013)] has so undermined the reasoning of [*Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994 (9th Cir. 2007)] that the latter has been effectively overruled. Therefore, a defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Woods v. CVS Pharmacy, Inc.*, 2014 WL 360185, *2 (C.D. Cal. Jan. 30, 2014) (*citing Rodriguez*). *See also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (applying preponderance of the evidence test); *Lizza v. Deutsche Bank Nat. Trust Co.*, 2013 WL 5376036, *3 (D. Hawaii Sept. 24, 2013) ("A defendant must establish the amount in controversy by a preponderance of the evidence") (*citing Rodriguez*). "Jurisdiction cannot be based on a defendant's speculation and conjecture, but a defendant is also not obligated to research and prove an exact amount of damages." *Lizza*, 2013 WL 5376036, *3 (citations omitted). The United States Supreme Court has also made clear, in *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547 (2014), that there is no presumption against removal in the CAFA context, because CAFA's intent is to provide for broad federal jurisdiction over class actions. *Id.* at 554.

10.   According to Plaintiffs, compensatory damages here will be around $2,248,400 and attorneys' fees will be at most $777,012. (Compl., ¶ 2.4.) Given these allegations, and

NOTICE OF REMOVAL - 5

notwithstanding Plaintiffs' contrary assertion, when potential treble damages are added to the amount in controversy, which they must be as a matter of law, the actual amount in controversy here exceeds the sum or value of $5 million, exclusive of interest and costs, thus satisfying the minimum jurisdictional requirement of 28 U.S.C. § 1332(d)(2).

### Treble Damages Are Properly Included In The Amount In Controversy Given Plaintiffs' Claim Under The Washington Consumer Protection Act

11.  As an initial matter, Plaintiffs concede that compensatory damages and attorneys' fees count toward the amount in controversy. (Compl., ¶ 2.4.) Plaintiffs themselves allege compensatory damages of $2,248,400, so that is the amount of such damages for purposes of the removal analysis. In addition, Plaintiffs allege up to $770,012 in attorneys' fees, which also must be included as part of the amount in controversy, since fees are awardable by statute in this case. *See, e.g., Lowdermilk*, 479 F.3d at 995; *Galt G/S v. TSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); RCW 19.86.090. Accordingly, the sole issue here is whether treble damages, which Plaintiffs purport to disclaim, should also be counted in the amount in controversy analysis. If they are, there is no question the amount in controversy is over $5 million -- whether based on 3 times compensatory damages alleged in the Complaint alone or 3 times compensatory damages plus attorneys' fees alleged in the Complaint.

12.  And, as a matter of law, treble damages *are* properly included in the amount in controversy here. Plaintiffs have asserted a cause of action for violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, which provides for treble damages. Plaintiffs are masters of the Complaint, and they could have simply sued for breach of contract. Instead, Plaintiffs chose to sue under the Consumer Protection Act, alleging that Hartford has engaged in unfair or deceptive practices based on its purported bad faith adjustment of diminished value

NOTICE OF REMOVAL - 6

claims and failure to adhere to various regulations governing claim handling and the misrepresentation of insurance policy provisions. (Compl., ¶¶ 1.17, 6.6-6.10.) Plaintiffs themselves have alleged conduct that could give rise to treble damages, and Plaintiffs therefore must live with the consequence that this case is now removable under the clear dictates of *Knowles* and *Gibson*. *See, e.g., Nat'l Credit Reporting Ass'n, Inc. v. Experian Info. Solutions, Inc.*, No. C04-01661 WHA, 2004 WL 1888769, *3 (N.D. Cal. July 21, 2004) (denying motion to remand; noting "As the master of its complaint, plaintiff could have avoided any issue of federal question and, instead, could have simply borrowed state antitrust laws. But it did not.").

**Plaintiffs Cannot Disclaim Treble Damages On Behalf Of The Class**

13.     Here, plaintiffs state that they "disclaim any claim for themselves, *or members of the proposed Class*, for [discretionary] trebling of damages" (Compl., ¶ 6.10) (emphasis added). Through this language, Plaintiffs do not definitively abjure for all time any treble damage award. But even had Plaintiffs done this, under *Knowles* a stipulation by a plaintiff that the amount in controversy is definitely under $5 million will not preclude removal. *Knowles*, 133 S. Ct. at 1349-50. As the Supreme Court explained, "Knowles also points out that federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement. That is so. . . . But the key characteristic about those stipulations is that they are legally binding on all plaintiffs. . . . That essential feature is missing here, as Knowles cannot yet bind the absent class." *Id.* at 1350.

14.     The Ninth Circuit reiterated this principle in *Rodriguez,* stating: "A lead plaintiff of a putative class cannot reduce the amount in controversy on behalf of absent class

NOTICE OF REMOVAL - 7

members[.]" 728 F.3d at 982. *See also Goodner v. Clayton Homes, Inc.*, No. 4:12-CV-4001, 2014 WL 4722748, *3 n. 3 (W.D. Ark. Sept. 23, 2014) ("The Supreme Court's decision in *Standard Fire* * * * forecloses Plaintiffs from relying on the stipulation disclaiming punitive damages."); *Holt v. Ford Motor Co.*, No. 4:14-CV-4030, 2014 WL 4199783, *1 (W.D. Ark. Aug. 22, 2014), *leave to appeal denied* (Sept. 18, 2014) ("Holt's complaint [disclaiming punitive damages] preceded the United States Supreme Court's [decision in *Knowles* holding] that stipulations, like the one in Holt's complaint, do not prevent removal under CAFA."). So, under *Knowles* and its progeny, Plaintiffs cannot disclaim punitive/treble damages here.

**Plaintiffs' Tactical Ploy Of Failing To Seek Treble Damages Is Not Controlling**

15. Plaintiffs' statement that they do not seek enhanced damages (Compl., ¶ 6.10) does not help them. First of all, not seeking such damages is the same thing as stipulating that the amount in controversy is less than $5 million, which is absolutely barred by *Knowles*. In all events, in *Gibson* the Ninth Circuit held that extra-contractual damages are properly included in the amount-in-controversy calculation, even where the complaint does *not* request such damages, where, as here, the causes of action set forth in the complaint allow these damages. The Court explained that initially, "none of the plaintiffs' legal claims supported an award of punitive damages under California law," but that "plaintiffs amended their complaint to add a claim under California's Consumer Legal Remedies Act, which would support an award of punitive damages." 261 F.3d at 945-46. The Court stated "Plaintiffs did not explicitly request punitive

NOTICE OF REMOVAL - 8

damages, but the potential for such damages may still be considered for purposes of amount in controversy." *Id.*[1]

16. The rule of *Gibson* is also fully consistent with the Ninth Circuit principle that the standard of removal is not what will be recovered, but what *could* be recovered. *See, e.g., Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) ("[defendant] supplied an affidavit to show that the potential damages *could* exceed the jurisdictional amount [and we] conclude that this showing satisfies [defendant's] burden.") (emphasis added); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) ("the chain of reasoning and [defendant's] *underlying assumption* to extrapolate [damages] for the entire class period ... are *reasonable*[.]") (emphasis added). Here, there is no doubt that treble damages *could* be recovered under the Washington Consumer Protection Act, which means, under the above law, that they are included in the amount in controversy.

17. These principles have often been applied in other jurisdictions as well. For example, in *Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 830-31 (7th Cir. 2011), the Court noted the plaintiff did not, at least in its complaint, disavow punitive damages. *Id.* at 830. Even if the plaintiff had done so, however, that still would not have been controlling for purposes of determining the amount in controversy under CAFA. *Id.*

18. After noting that what "Back Doctors is willing to accept thus does not bind the class and therefore does not ensure that the stakes fall under $5 million," the Court

---

[1] Although the Court in *Gibson* ultimately remanded that case, it was only because, under then-existing pre-CAFA case law, punitive damages could not be aggregated. Here, of course, CAFA applies, enhanced damages can be aggregated, and when they are included in the amount in controversy, as *Gibson* requires, the amount in controversy is clearly over $5 million.

NOTICE OF REMOVAL - 9

emphasized: "What remains is the possibility that the complaint itself scuttles any award of punitive damages. Back Doctors did not expressly ask for a punitive award and did not include in the complaint allegations of wanton or egregious conduct. Yet Back Doctors does not cite any decision by an Illinois court holding that such an omission from a complaint makes a punitive award *impossible*. * * * A punitive award exceeding $2.1 million is possible in this litigation, so the amount in controversy exceeds $5 million[.]" *Id.* at 831. In other words, removal was upheld because punitive damages were rightly included in the removal calculation even where not alleged at all.

19. Similarly, in *Knowles v. Standard Fire Ins. Co.*, No. 4:11-CV-04044, 2013 WL 3968490, *9 (W.D. Ark. Aug. 2, 2013), on remand after the Supreme Court's decision in that case, discussed above, the court explained that, in "examining the issue of punitive damages, helpful guidance is provided by the Seventh Circuit's ruling in *Back Doctors*," where a "punitive damages award was not impossible under Illinois law simply because a plaintiff had neglected to plead it in his complaint." *Id.,* *10. In addition, the court rejected the plaintiff's argument that the only injuries or damages alleged in the complaint were contract damages, stating "Plaintiff's complaint may also be construed as stating a claim for either bad faith in the insurance context or common law fraud," and noting that, as here, the complaint alleged the defendant had concealed information about benefits that might be owed to the plaintiff. *Id.*

20. The court explained these "allegations create at least the possibility that punitive damages could be awarded," and held "Defendant has established by a preponderance of the evidence that a punitive damages award is legally possible in this case and should be included when calculating the amount in controversy." *Id.,* *10-11. *See also Doss v. Am. Family Home*

NOTICE OF REMOVAL - 10

*Ins. Co.*, No. 4:14-CV-04007, 2014 WL 4682066, *4-5 (W.D. Ark. Sept. 19, 2014) ("The fact that fraud was not pled in a separate count and that there is no prayer for punitive damages does not preclude the Plaintiffs from eventually recovering punitive damages," and "Defendant has established by a preponderance of the evidence that a punitive damages award is legally possible in this case and should be included when calculating the amount in controversy."); *Basham v. American Nat. Cnty. Mut. Ins. Co.*, 979 F. Supp. 2d 883, 888 (W.D. Ark. 2013) (same principle; "The relevant question here is not whether Plaintiffs have explicitly requested punitive damages. The question is whether Defendants' actions, as alleged in Plaintiffs' complaint, constitute the type of conduct that could potentially support an award of punitive damages."); *Goodner*, 2014 WL 4722748, *3 ("Since there is no dispute that a punitive damages award is legally *possible* based on Plaintiffs' common law allegations, the only issue remaining is how much the punitive damages might amount to in this case.") (emphasis added); *Walker v. Old Reliable Cas. Co.*, No. 4:13-CV-04122, 2014 WL 6872903, *4 (W.D. Ark. Dec. 4, 2014) (same principle); *Vasquez v. First Student, Inc.*, No. 2:14-CV-06760-ODW, 2014 WL 6837279, *3 (C.D. Cal. Dec. 3, 2014) ("Although Plaintiff attempts to cap the putative class' damages at less than $5 million, that allegation cannot defeat removal," and "Plaintiff's cap on the amount in controversy should [therefore] be disregarded"); *Thatcher v. Hanover Ins. Group, Inc.*, 2012 WL 1933079, *6-7 (W.D. Ark. May 29, 2012) (including punitive damages award in amount in controversy for purposes of CAFA jurisdiction even though not specifically pled or prayed for in complaint where complaint's fraud allegations could form the basis for punitive damages claims, and even though, as here, the complaint stated: "Plaintiff specifically disclaims any actual or potential entitlement to punitive damages.").

NOTICE OF REMOVAL - 11

21.     Moreover, courts have repeatedly found that enhanced damages can be awarded even if not specifically pled or requested. *See, e.g., In re Landbank Equity Corp.*, 83 B.R. 362, 376 (E.D. Va. 1987) ("A failure to specifically plead and demand exemplary damages will not bar an award of such damages under 54(c) where the body of the complaint alleges facts sufficient to support the award."); *Great Divide Ins. Co. v. Carpenter ex rel. Reed*, 79 P.3d 599, 611 (Alaska 2003) (a plaintiff need not explicitly plead punitive damages in order to recover them); *Driver v. Hice*, 618 So. 2d 129, 132 (Ala. App. 1993) ("even though not specifically sought in a complaint, punitive damages may be awarded in a conversion action when the evidence discloses legal malice, willfulness, insult, or other aggravated circumstances."). That only further shows why enhanced damages, even if not specifically pled or requested, are properly included in a CAFA amount in controversy analysis.

22.     As all these cases show, consistent with *Knowles* and *Gibson,* enhanced damages can and should be included in the amount in controversy even where they are disclaimed or not pled, so long as, which is the case here, the actual Complaint allegations could justify such damages.

23.     Here, far from asserting a claim for simple breach of contract, which they could have done, and not adding any allegations that could justify treble damages, which they could have done, Plaintiffs assert a substantive cause of action under the CPA, which allegation in itself supports a treble damages possibility. (Compl., ¶¶ 6.6-6.10.) In addition, Plaintiffs allege Defendants "failed to disclose pertinent coverages and benefits," and failed to inform potential class members about the coverage provided by their policies. (*Id.,* ¶ 4.4.) Plaintiffs further allege Defendants, despite knowing Plaintiffs were entitled to recover for diminished value,

NOTICE OF REMOVAL - 12

"failed and refused to either properly adjust the loss," or to pay for such losses, in violation of various Washington regulations, and the duty of good faith and fair dealing. (*Id.*, ¶ 6.9.)

24.     All these allegations could support an award of treble damages. Under the above case law, treble damages are therefore included in the amount in controversy here, which indisputably puts the amount in controversy over $5 million (3 x $2,248,400 in expressly pled compensatory damages = $6,745,200).

### *Turk* And *Johnston* Are Dispositively Distinguishable

25.     It should be noted that in *Turk v. United Servs. Auto. Ass'n*, No. C14-5878 RBL, 2015 WL 1249177, *4 (W.D. Wash. Mar. 18, 2015), the court found *Back Doctors* distinguishable because, unlike in Plaintiffs' Complaint here, "Turk's complaint does not reference the CPA, or the IFCA, or any other statute that even theoretically provides for an award of treble or punitive or exemplary damages." Here, Plaintiffs' Complaint *does* assert a claim under the CPA, so *Turk* is plainly inapposite.

26.     It should also be noted that in *Johnston v. United Services Automobile Association,* No. 14–5660–RJB (W.D. Wash. Nov. 10, 2014), Judge Bryan remanded a case similar to this one, holding that the insurer had not met its obligation to establish that the jurisdictional threshold was met. However, as Judge Leighton later noted in *Turk*, 2015 WL 1249177, *2, the court in *Johnston* relied on a now changed removal presumption in remanding the case, stating a "presumption against removal jurisdiction applies with particular force to defendant's arguments that the complaint frames an amount in controversy that exceeds the jurisdictional minimum." (quoting *Johnston,* at 5-6). As Judge Leighton explained, the Supreme Court has now made clear that the presumption against removal does not apply in CAFA cases

NOTICE OF REMOVAL - 13

such as this one. *Turk,* 2015 WL 1249177, *2 (citing *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014) ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.")).

27. *Dart* had not been decided when Judge Bryan issued his opinion in *Johnston.* Accordingly, *Johnston* cannot be precedent in this case because it applied a standard that was later held inapplicable by *Dart.*

28. In addition, the *Johnston* remand order was heavily based on the fact that, unlike here, the plaintiff there expressly alleged violations only of RCW 48.30.15(3), not RCW 48.30.15(2). Yet, Section 3 of the statute in *Johnston* did not allow enhanced damages; such damages would have been allowed only under Section 2 of the statute. Accordingly, Judge Bryan reasoned that because the plaintiff there expressly alleged violation only of a portion of the statue at issue not allowing enhanced damages, those damages could not be part of the amount in controversy. *See Johnston,* at 11. Here, by contrast, Plaintiffs have alleged violations of RCW 19.86.090 generally (Compl., ¶ 6.10), and it is undisputed that RCW 19.86.090 does allow enhanced damages. Accordingly, here, unlike in *Johnston*, Plaintiffs' allegations were generally of violation of a statute allowing treble damages, rather than specifically of violation of a portion of a statute not allowing enhanced damages. Given this dispositive distinction, the basis for Judge Bryan's ruling in *Johnston* simply does not exist here, and indeed, by his reasoning, since Plaintiffs here did not specifically allege a violation only of a part of a statute not allowing for enhanced damages, those damages should in fact be included in the amount in controversy.

NOTICE OF REMOVAL - 14

29. Moreover, the *Johnston* remand order gave great weight to the fact that the Plaintiff disclaimed treble damages in his Complaint. *See Johnston,* at 10-11. Significantly, however, the *Johnston* order failed to address the impact of *Knowles* and *Gibson* on the question whether treble damages could actually be disclaimed or otherwise not included in the amount in controversy because they were not expressly pled. Defendants respectfully submit that even if Judge Bryan's decision could survive *Dart*, which it does not, that decision is contrary to the controlling principles of *Knowles* and *Gibson*, and therefore does not alter the proper result here, which would be the existence of removal jurisdiction over this case.

30. Notably, in light of *Knowles* and *Gibson*, the *Turk* analysis actually supports removal here as well. In *Turk*, Judge Leighton found it dispositive that the plaintiff there had not alleged the violation of any statute that would invoke treble damages. Since he distinguished *Back Doctors* in this fashion, Judge Leighton's reasoning supports the conclusion that if plaintiff there had done as Plaintiffs do here, and in fact alleged the violation of a statute allowing treble damages, removal would have been appropriate.

31. Since, as demonstrated above, treble damages should be included in the amount in controversy here, the rest of the analysis is simple math. Courts have discretion, under statutes such as the CPA, to award treble damages to each putative class member, not just the class representative. *See, e.g., Smith v. Behr*, 113 Wash. App. 306, 345-46, 54 P.3d 665, 686 (2002); *Peck v. Cingular Wireless, LLC*, No. 09-0106, 2009 WL 775385, *2 (W.D. Wash. Mar. 20, 2009). Accordingly, as in the above cases, it is legally possible for Plaintiffs to recover treble damages, which is all that is necessary for such damages to be included in the amount in controversy calculation.

32. The CPA provides for the award of treble damages of up to $10,000 per violation of the CPA (or $25,000 each after July 2009). RCW 19.86.090; *Behr*, 113 Wash. App. at 345-46, 54 P.3d at 686 (in a class action, trial court has discretion to "determine whether to award treble damages to the represented class members" as well as the named plaintiff). Accordingly, Plaintiff and the putative class could potentially recover, up to $25,000 each, three times the amount by which Defendants allegedly failed to pay for "diminished value." *See also Peck*, 2009 WL 775385, *2 ("Plaintiffs seek $2.3 million in actual damages, split among roughly 100,000 class members, or about $23 per person. When such actual damages are trebled, the resulting amount of $69 does not exceed the cap on exemplary damages per class member and the aggregate of $6.9 million constitutes defendants' potential exposure, not including costs and attorney's fees, which is well over the $5 million threshold for jurisdiction under CAFA. Therefore, plaintiffs' motion for remand is DENIED."); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 646 (W.D. Wash. 2007) (finding CAFA's amount in controversy requirement was met where removal notice demonstrated "based on a good faith belief, that the amount in controversy exceeds $5 million, based on facsimiles allegedly sent to hundreds of persons, statutory damages of $500 per violation and the potential for treble damages."). *See also Burke Family Living Trust v. Metro. Life Ins. Co.*, No. C09-5388 FDB, 2009 WL 2947196, *3 (W.D. Wash. Sept. 11, 2009) (denying motion to remand where, among other things, plaintiff's claim for treble damages increased the amount in controversy above the jurisdictional threshold); *Trujillo v. Allstate Ins. Co.*, No. 09-1056-RSL, 2009 WL 2843348, *1 (W.D. Wash. Aug. 31, 2009) ("plaintiffs have explicitly alleged that their damages exceed $31,000, and they have

NOTICE OF REMOVAL - 16

sought trebling of their damages. Those amounts alone exceed $90,000 and exceed the [diversity] jurisdictional threshold.").

33. Here too, the treble damages allegation increases the amount in controversy over $5 million. Specifically, the $2,248,400 in alleged compensatory damages would be increased to $6,745,200 under the CPA. Moreover, as in *Peck*, distributing this amount among all the class members would not violate the CPA's cap on exemplary damages per class member -- *i.e.*, the $2,248,400 split among Plaintiff's alleged estimate of 1,540 class members (Compl., ¶ 2.4) would be approximately $1,460 per class member, or $4,380 when trebled, which is less than the statutory treble damages cap and therefore an appropriate removal calculation. *See Peck*, 2009 WL 775385, *2.

34. In sum, based on actual damages and treble damages alone (and also including potential attorneys' fees, but whether or not those fees are included), it is clear that the minimum CAFA jurisdictional amount requirement of $5 million is satisfied here. And the Complaint's own estimate of compensatory damages neatly supports this conclusion, because it is undisputed, based on the compensatory damages Plaintiffs allege alone, that if treble damages are included in the calculation the $5 million threshold is met.

**Number of Proposed Class Members.**

35. As required by 28 U.S.C. § 1332(d)(5), the number of members of the proposed class is at least 100 persons. In fact, Plaintiffs allege there are approximately 1,540 class members. (Compl., ¶ 2.4.) Accordingly, there is no question that the 100-person requirement is met for purposes of this Notice of Removal.

NOTICE OF REMOVAL - 17

**CAFA Applies to this Action.**

36.  CAFA applies to actions "commenced" on or after its effective date, February 18, 2005. This action was filed after that date, so CAFA clearly applies.

### THE EXCEPTIONS UNDER CAFA DO NOT APPLY

37.  The mandatory and discretionary exceptions to removal under 28 U.S.C. § 1332(d) also do not apply, because they all require a defendant to be a citizen of the forum state. *See* 28 U.S.C. § 1332(d)(4)(A)(II); 28 U.S.C. § 1332(d)(4)(B); and 28 U.S.C. § 1332(d)(3). Here, none of the Defendants is a citizen of Washington (nor are any of the Defendants alleged to be citizens of Washington).

### THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

38.  Removal is timely under 28 U.S.C. § 1446(b), because the Complaint is the first pleading, motion, order, or other paper from which it could first be ascertained that this action is one which is or has become removable. This Notice of Removal is filed within thirty days of service of the Complaint, on April 1, 2015. In addition, venue is appropriate here because the alleged acts and omissions giving rise to this action occurred in this Judicial District. 28 U.S.C. § 1391. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a copy of all the state court pleadings and process in this matter. Attached hereto as Exhibit B is a copy of Defendants' Notice of Filing of Notice of Removal in the state court.[2] In accordance with L.R. W.D. Wash. 101(b), counsel for Defendants hereby verifies that these Exhibits, along with this Notice of Removal, are true and complete copies of all the records and proceedings filed in the state court

---

[2] Pursuant to Local Rule 101(b), Defendants are also filing contemporaneously with this Notice of Removal, as a separate attachment in the ECF system labeled as the "Complaint," a copy of the operative Complaint.

NOTICE OF REMOVAL - 18

in this matter. Defendants have, therefore, satisfied the requirements for removal under 28 U.S.C. § 1446 and all other applicable rules.

39.  Intradistrict Assignment. Pursuant to Local Rule 101(e), this case should be assigned to the Tacoma Division because the case is removed from the Pierce County Superior Court. Defendants reserve, and do not waive, any objections they may have to service, jurisdiction, or venue, and any and all other defenses or objections to this action.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request this Court assume full jurisdiction over the cause herein as provided by law. Defendants, by this Notice, intend no admission of liability, no admission as to the viability of any of Plaintiffs' theories, and no admission as to liability for any of the damage amounts in controversy set forth herein. Defendants, for purposes of removal, merely refer to and rely upon the potential damages as alleged by Plaintiffs, in accordance with settled removal law, and expressly reserve all defenses, motions, and pleas, including without limitation objections to the sufficiency of Plaintiffs' pleadings and to the propriety of class certification.

DATED April 29, 2015

By: /s/ Matthew S. Adams

Matthew S. Adams
WSBA No. 18820
MAdams@forsberg-umlauf.com
FORSBERG & UMLAUF, P.S.
901 Fifth Avenue, Suite 1400
Seattle, WA  98164
Tel: 206-689-8500
Fax: 206-689-8501

NOTICE OF REMOVAL - 19

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served the foregoing NOTICE OF REMOVAL on the following individuals in the manner indicated:

Mr. Stephen M. Hansen
Law Offices of Stephen M. Hanse, P.S.
1821 Dock Street, Suite 103
Tacoma, WA 98402

(X) Via ECF

**SIGNED** this __29th__ day of April, 2015, at Seattle, Washington.

_____
Veronica M. Waters

NOTICE OF REMOVAL - 20