HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN and MARILYN LEWIS, individually and on behalf of the class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, HARTFORD UNDERWRITERS INSURANCE COMPANY, TRUMBULL INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY OF THE MIDWEST, HARTFORD ACCIDENT AND INDEMNITY COMPANY, and SE,<br><br>Defendants. | CASE NO. 3:15-CV-05275- RBL<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR REMAND<br><br>[DKT. #21] |

THIS MATTER is before the Court on Plaintiffs' Motion to Remand [Dkt. #21] this case to Pierce County Superior Court. Lewis[1] claims that his proposed class action against the

---

[1] Plaintiffs are John and Marilyn Lewis. They are referenced in the singular, masculine "Lewis" for clarity.

ORDER DENYING PLAINTIFFS' MOTION FOR REMAND

[DKT. #21] - 1

Hartford Casualty Insurance Company does not meet the Class Action Fairness Act's $5 million jurisdictional threshold.

In June 2014, Lewis's automobile was involved in a hit and run accident. Lewis claims his vehicle retained structural damage, resulting in an inability to restore it to its pre-loss condition. Lewis claims his vehicle was worth less after the accident than it was prior, irrespective of repair, causing him to suffer a "diminished value" loss. Lewis claims this loss is covered under his Washington Hartford's insurance policy's Uninsured Motorist Property Damage coverage. (*See* Complaint ¶1.5).

Lewis filed this putative class action in state court on behalf of himself and a proposed class of similarly situated Hartford insureds, alleging that Hartford failed to include diminished value in adjusting their losses. Lewis claims that Hartford's' conduct violates the Washington Consumer Protection Act, RCW 19.86, and constitutes a breach of the insurance policy. Hartford removed the case under CAFA [28 U.S.C. §1332(d), 1441 (a) and (b), and 1453], claiming that Lewis's class claims meet CAFA's $5 million "amount in controversy" requirement.

Lewis seeks remand, arguing that Hartford cannot establish that his claims meet the $5 million jurisdictional threshold. In his complaint, Lewis claims he seeks only the following limited relief:

1. Payment of the difference between the insureds vehicles' pre loss fair market values and their projected fair market values as a repaired vehicle immediately after the accident;

2. Costs of suit;

3. The statutory attorneys' fees allowed by RCW 4.84.015 and an award of reasonable attorney's fees under RCW 19.86.090;

ORDER DENYING PLAINTIFFS' MOTION FOR REMAND

[DKT. #21] - 2

4. For other such relief as is deemed just and equitable and is necessary to effectuate the Court's Orders and Judgment.

*Complaint* ¶7.1. Lewis argues that because he *specifically* and expressly did not plead for treble damages or include them in the prayer for relief, they should not be included in the calculation of the amount in controversy. Instead, Lewis claims that he seeks only limited relief on behalf of approximately 1,540 class members, and that the average damages will be around $1,460 per claim. He estimates that the compensatory damages total only $2,248,400. He estimates fees and costs will total at most $777,012. As such, Lewis claims that the amount plead is at most $3,025,412, making remand proper.

Hartford argues that this case belongs in this Court because it meets the $5 million dollar benchmark. Hartford argues that Lewis's claim under the CPA has put treble damages "in play" and argues that those damages exceed the $5 million threshold.

## I. DISCUSSION

**A. Removal Standard in CAFA Cases**

CAFA requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and cost. 28 U.S.C. §1332(d)(2). There is no presumption against removal for cases removed under CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 550 (2014). ("No antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court.") In CAFA cases, the removing defendant retains the obligation to demonstrate by a preponderance of the evidence that the jurisdictional amount in controversy is met in order to sustain its removal in the face of a motion to remand. *See Johnston v. United Services Automobile Association*, No. 14-5660-RJB (W.D. Wa 11/10/14). ("The removing defendant

must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement"). *Id.* at 683.

Though the burden remains with Hartford, it is not daunting. Under this standard, a removing defendant is not obligated to completely "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.,* F.Supp.2d 1199, 1204-05 (E.D. Cal. 2008) (citing *McCraw v. Lyons,* 863 F.Supp. 430, 434 (W.D.Ky.1994)). The appropriate measure of the amount in controversy must be based on reasonable assumption. "A removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation." *Tajonar v. Echosphere, L.L.C.,* No. 14CV2732-LAB RBB, 2015 WL 4064642, at 3 (S.D. Cal. July 2, 2015). The Court reaches its conclusion and "[has] sufficient confidence, based on Plaintiff's own allegations, facts presented by [defendant], and *assumptions it believes are reasonable*, that it is more likely than not that the amount in controversy in this case exceeds $5 million." *Waller v. Hewlett-Packard Co.*, No. 11CV0454-LAB RBB, 2011 WL 8601207, at *3 (S.D. Cal. May 10, 2011).

**B.  Treble Damages**

The issue in this case is whether treble damages ought to be included in determining the amount in controversy in this case, given that Lewis has asserted a CPA claim. There are no competing claims for compensatory damages or attorney's fees in this case.

Lewis argues that he has no intention of seeking treble damages on behalf of the class and purports to disclaim on its behalf any right to do so. Lewis relies on this Court's reasoning in a prior (and he claims, substantially similar) case that "a removing defendant can't make the plaintiff's claim for him; as a master of the case, the plaintiff may limit his claims (either substantial or financial) to keep the amount in controversy below the threshold." *Turk v. USAA*,

2015 U.S. Dist. LEXIS 33715 at 10-11.  In *Turk*, however, the plaintiff asserted *only* a breach of contract claim—not a CPA claim.

Unlike Turk, Lewis has asserted a CPA claim.  This is a critical and dispositive difference between the two cases. The ultimate inquiry is what amount is put "'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."  *Korn,* F.Supp.2d at 1205. Lewis has put treble damages at issue, and a reasonable estimate of those damages must be included in the amount in controversy calculus.  RCW 19.86.090.

Lewis seeks to avoid this result by disclaiming any right to treble damages that may have otherwise been introduced into the case by his CPA claim.  (*See* Complaint ¶6.10).  Lewis is the master of his complaint, and is free to otherwise stipulate to an amount at issue that falls below the federal jurisdiction requirement, he cannot bind absent class members.  *Standard Fire Insurance Company v. Knowles*, 133 S. Ct. 1345, 349-50 (2013).  No class has been certified here.  *Knowles* recognizes that a plaintiff's attempted limitation of damages in the class action context will be rejected before the class is certified.  *Id.*  "A lead plaintiff of a putative class cannot reduce the amount in controversy on behalf of absent class members." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013).

Three times **$2,248,400** (the expressly pled compensatory damages) is **$6,745,200**, even before attorney's fees**.**  The amount of damages put "in play" by Lewis's complaint, which clearly exceeds the $5 million jurisdictional minimum.

ORDER DENYING PLAINTIFFS' MOTION FOR REMAND

[DKT. #21] - 5

1     Lewis's Motion to Remand [Dkt. #21] is **DENIED**.

2     Dated this 20th day of July, 2015.

                                                                 /s/ Ronald B. Leighton

                                                          Ronald B. Leighton
                                                          United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR REMAND

[DKT. #21] - 6