HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN and MARILYN LEWIS, individually and as the representatives of all persons similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY et al.,<br><br>Defendants. | CASE NO. C15-5275 RBL<br><br>ORDER GRANTING MOTION TO DISMISS CLAIMS AND TO STRIKE TREBLE DAMAGES<br><br>DKT. #43 |

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff Lewis's claims and to strike his claim for treble damages. [Dkt. #43]. Property and Casualty Insurance Company of Hartford insured Lewis's vehicle, which was hit while he was on vacation. He alleges that Property and Casualty breached their contractual agreement and violated the CPA by failing to adequately compensate him for his diminution in value damages. He sued Property and Casualty, as well as seven other insurance companies, claiming to represent a class of similarly situated insureds.

ORDER GRANTING MOTION TO DISMISS
CLAIMS AND TO STRIKE TREBLE DAMAGES - 1

The seven Defendants that did not insure Lewis's vehicle[1] seek dismissal of his claims for lack of standing. They argue he has not alleged that he suffered an injury fairly traceable to them. All Defendants (including Property and Casualty) seek dismissal of his treble damages claim. They argue he is judicially estopped from asserting it, because he disclaimed treble damages when he unsuccessfully sought remand by arguing that his claims did not reach CAFA's jurisdictional limit.

Lewis argues that he has standing to sue all eight Defendants, because he pled that they share a single claims staff and operate under a single set of policies and procedures in Washington, making these entities either agents for and alter egos of one another and/or juridically linked. He also argues that judicial estoppel does not bar his treble damages claim, because the Court neither relied upon, nor accepted, his disclaimer.

## DISCUSSION

**I.    Standing**

The non-insuring Defendants seek dismissal of Lewis's claims for lack of standing under Rule 12(b)(1). They argue that he does not have standing to sue them because only Property and Casualty had a contractual relationship with him, so only Property and Casualty could have injured him. Without standing, the Court does not have jurisdiction over his claims against them. Lewis argues that because the National Association of Insurance Commissioners treats all eight defendants as one company, all conduct business in Washington, and all share policies and staff, "the normal standing rules do not apply." [Dkt. 47, Response, pg. 7–8].

---

[1] The non-insuring Defendants include Hartford Casualty Insurance Company, Hartford Underwriters Insurance Company, Trumbull Insurance Company, Twin City Fire Insurance Company, Hartford Insurance Company of the Midwest, Hartford Accident and Indemnity Company, and Sentinel Insurance Company, Limited.

Lewis bears the burden of proving subject matter jurisdiction. *See Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989); *see also Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). To establish Article III standing, he must show that he (1) suffered an injury in fact that is (2) fairly traceable to the alleged conduct of the defendants, and that is (3) likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). As this Court explained in *Shin v. Esurance Ins. Co.*, allegations of common claims handling practices and pooled labor resources are insufficient to establish standing where the plaintiff has not alleged a relationship or contact with the defendant. 2009 WL 688586, at *5 (W.D. Wash. Mar. 13, 2009). A plaintiff cannot make allegations based solely on unidentified class members who a related entity might have injured. *See, e.g., Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1001 n.7 (9th Cir. 2006); *see also Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (Even in a class action, "constitutional standing requirements [must be] satisfied before proceeding to the merits.").

Lewis has not satisfied his burden of establishing that his alleged injury—a failure by the Defendants to disclose diminished value loss and to adjust for this loss—is fairly traceable to the seven non-insuring Defendants, with whom he does not share privity of contract. Therefore, the claims against the non-insuring Defendants are DISMISSED without prejudice. Because the potentiality exists that he could plead sufficient allegations "to raise the issue of business relationships above the speculative level," however, the court GRANTS Lewis leave to amend his complaint. *See Martin v. Twin City Fire Ins. Co.*, 2009 WL 902072, at *2 (W.D. Wash. Mar. 31, 2009).

## II. Treble Damages

Defendants seek dismissal of Lewis's treble damages claim, arguing that he waived it and should be judicially stopped from asserting it. They also seek to strike this claim under Rule 12(f). Lewis argues that judicial estoppel does not bar his claim, because this Court did not accept his disclaimer when it denied remand.

Judicial estoppel is an equitable doctrine invoked to prevent a party from gaining an advantage by taking inconsistent positions and to preserve the orderly administration of justice and regard for the dignity of judicial proceedings by protecting against a litigant playing fast and loose with the courts. *See Milton H. Greene Archives v. Marilyn Monroe LLC*, 692 F.3d 983, 993 (9th Cir. 2012) (citing *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)). It "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument in another phase." *See New Hampshire v. Maine*, 532 U.S. 742, 748 (2001) (citing *Pegram v. Herdrich*, 530 U.S. 211, 227, n.8 (2000)). By prohibiting parties from deliberating changing positions according to the exigencies of the moment, it protects the judicial process's integrity. *See id.*

The circumstances under which judicial estoppel may be invoked are not reducible to a general formulation. *See id.* at 752. Nevertheless, the Supreme Court has identified three factors that help inform a Court's decision: (1) whether a party's later position is clearly inconsistent with its earlier position, (2) whether the party has succeeded in persuading a court to accept its earlier position, and (3) whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *See id.*

Here, all three factors are met. First, in his original complaint filed in state court, Lewis disclaimed treble damages for himself and his putative class members. [Dkt. #1, Notice of

Removal, Ex. 3, Compl. ¶ 6.10]. After Defendants removed the case to this Court, he repeated this disclaimer in an effort to seek remand, arguing that because he had not pled treble damages, the amount-in-controversy could not meet CAFA's $5 million jurisdictional threshold. [Dkt. #21, Motion for Remand, pg. 3]. The Court denied remand, reasoning that because his CPA claim put treble damages at issue, CAFA's threshold had indeed been met. [Dkt. # 26]. Lewis then filed a request for permission to appeal to the Ninth Circuit. [Dkt. #30]. After it was denied, he filed his amended complaint, in which he claims treble damages. [Dkt. #31, AC ¶¶ 7.1]. By expressly disclaiming and then claiming treble damages for himself, Lewis has taken inconsistent positions.

Second, the Court relied upon his disclaimer when it expounded its resources to consider his motion for remand. It accepted his personal disclaimer in doing so—relying on its veracity—but could not sanction his disclaimer of his putative class members' potential award. *See Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1349 (2013) (lead plaintiff's precertification disavowal of damages binds only himself). That the Court nevertheless determined CAFA's jurisdictional threshold had been met, and denied the remand, does not resurrect Lewis's treble damages claim.

Third, Lewis's change in position would impose an unfair detriment on the Defendants, which had to request removal and defend against a motion for remand. Therefore, to prevent an improper use of judicial machinery, the Defendants' motion [Dkt. #43] is GRANTED; Lewis's personal request for treble damages is STRICKEN from his amended complaint [Dkt. #31].

**CONCLUSION**

Accordingly, the Court GRANTS Defendants' Motion [Dkt. #43]: Lewis's claims against the non-insuring Defendants are DISMISSED without prejudice, and his personal claim for treble damages is STRICKEN.

The Court defers judgment on whether Lewis may serve as class representative.

IT IS SO ORDERED.

Dated this 22nd day of January, 2016.

_____
Ronald B. Leighton
United States District Judge