IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN and MARILYN LEWIS, individually and on behalf of the class of similarly situated persons,<br><br>                  Plaintiff,<br><br>   vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, HARTFORD UNDERWRITERS INSURANCE COMPANY, TRUMBULL INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, HARTFORD INSURANCE COMPANY OF THE MIDWEST, HARTFORD ACCIDENT AND INDEMNITY COMPANY, and SENTINEL INSURANCE COMPANY, LIMITED,<br><br>                  Defendants. | Case No. 15-cv-05275-RBL<br><br>ORDER PRELIMINARILY APPROVING SETTLEMENT AND DIRECTING NOTICE TO THE CLASS |

Plaintiffs, John and Marilyn Lewis, on behalf of themselves and the proposed Settlement Class, and Defendants, Property and Casualty Insurance Company of Hartford, Hartford Casualty Insurance Company, Hartford Underwriters Insurance Company, Trumbull Insurance Company, Twin City Fire Insurance Company, Hartford Insurance Company of the Midwest, Hartford Accident and Indemnity Company, and Sentinel Insurance Company, Limited,

individually and on behalf of all affiliated entities (collectively, "Defendants), all acting by and through their respective counsel, have agreed, subject to Court approval following sending of the Class Notice to the Settlement Class and a hearing, to settle this Action upon the terms and conditions in the Stipulation of Settlement, also sometimes referred to as the Agreement, attached to the Declaration of Stephen Hansen filed with the Court on August 26, 2016; and

The Parties have made an application pursuant to Fed. R. Civ. P. 23 for preliminary approval of the Settlement of this Action, as set forth in the Agreement; and

The Court has read and considered the Agreement and the exhibits thereto and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed, and with good cause appearing,

IT IS HEREBY ORDERED:

1.	This Preliminary Approval Order incorporates by reference the definitions in the Agreement.

2.	The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Named Plaintiff, all Settlement Class Members and Defendants.

3.	The Court certifies the Settlement Class, for settlement purposes only, defined as follows:

All insureds of Defendants insured under a Washington personal lines automobile insurance policy issued in Washington State who were involved in an automobile accident from March 17, 2010 until the date of preliminary approval, which caused damage to their vehicle, where the insured's vehicle's damage was covered under the UIM PD coverage, and

    1.  The repair estimates on the vehicle (including any supplements) totaled at least $1,000; and

    2.  The vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and

    3.  The vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.

Excluded from the Class are (a) claims involving leased vehicles or total losses, (b) employees of Defendants, (c) the assigned judge, the judge's staff and family.

4.      For purposes of determining whether the terms of the Proposed Settlement should be finally approved as fair, reasonable and adequate, and contingent upon the Settlement being finally approved, Plaintiffs John and Marilyn Lewis are appointed as Class Representatives, and the following counsel are designated as counsel for the Class ("Class Counsel"):

| | |
|---|---|
| Debra Brewer Hayes | Scott P. Nealey |
| THE HAYES LAW FIRM, PC | Law Office of Scott P. Nealey |
| 700 Rockmead, Suite 210 | 71 Stevenson Street, Suite 400 |
| Houston, TX 77339 | San Francisco, California 94105 |

Stephen M. Hansen
Law Offices of Stephen M. Hansen, P.S.
1821 Dock Street, Suite 103 Tacoma, WA 98402

5. If final approval of the Proposed Settlement is not obtained, or if Final Judgment as contemplated herein is not granted, this Order shall be vacated *ab initio* and the Parties shall be restored without prejudice to their respective litigation positions prior to the date of this Order of Preliminary Approval.

6. Pending final determination of whether the Proposed Settlement should be approved, all proceedings in the Action shall be stayed until further order of the Court, except such proceedings as may be necessary either to implement the Proposed Settlement or to comply with or effectuate the terms of the Stipulation of Settlement.

7. Within 70 days after the entry of this Order, the Claims Administrator shall send a copy of the Individual Notice and a Claim Form (or Claim Forms if a Class Member has multiple claims), pre-printed with the Class Member's name and most recent address, the date of the loss, and the vehicle make, model, and year, by first-class mail, to each Person on the Updated Settlement Class List. Prior to any mailing the Claims Administrator shall update all addresses on the Class List by running the addresses thereon through the National Change of Address Data Base. In furtherance of this Paragraph, the Court appoints Epiq Systems, Inc., as the Claims Administrator for this matter.

8. The Court preliminarily finds that the dissemination of the Individual Notice and Claim Form under the terms and in the format provided for in this Order and the Stipulation of Settlement constitutes the best notice practicable under the circumstances, and is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, Washington Rules of Civil Procedure and all other applicable laws.

9. **A hearing (the "Final Settlement Hearing") shall be held on FEBRUARY 10, 2017 at 1:30 p.m. Courtroom B**, as set forth in the Individual Notice, to determine whether the Proposed Settlement of this Action (including the payment of attorneys' fees and costs to Class Counsel) should be approved as fair, reasonable, and adequate, and to determine whether final judgment approving the Proposed Settlement and dismissing all claims asserted in this Action on the merits, with prejudice and without leave to amend, should be entered.  The Settlement Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the Class Members.

10. Objections to the Settlement shall be heard, and any papers or briefs submitted in support of said objections shall be considered, by the Court (unless the Court in its discretion shall otherwise direct) only if they comply with the objection procedures set forth in the Stipulation of Settlement and Notice.

Specifically, members of the Class who have not previously opted out of the Class must file a notice of intent to object to the Settlement.  To be effective, a notice of intent to object to the Settlement must:  (1) contain a heading that includes the name of the case and case number; (2) provide the name, address, telephone number and signature of the Class Member filing the objection; (3) be filed with the Clerk of the Court not later than thirty days (30) before the Final Settlement Hearing; (4) be served on Class Counsel and counsel for the Defendants at the addresses below by first-class mail, postmarked no later than thirty (30) before the Final Settlement Hearing; (5) contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney.  Class Members represented by an attorney must comply with all applicable laws and rules for filing pleadings and documents in the Court; and State whether they intend to appear at the Final Settlement Hearing, either in person or through counsel.

11. In addition to the foregoing, a notice of intent to object must contain the following information, if the Class Member or his/her attorney requests permission to speak at the Final Settlement Hearing:  (1) a detailed statement of the specific legal and factual basis for each and every objection; and  (2) a detailed description of any and all evidence the Objector may offer at the Final Settlement Hearing, including photocopies of any and all exhibits which may be introduced at

the Final Settlement Hearing. Any individual or entity who objects, must submit themselves or itself to discovery pursuant to paragraph 71 of the Stipulation of Settlement, under the time lines specified therein.

12. Settlement Class Members who wish to exclude themselves from the Settlement Class must prepare a written request for exclusion, postmarked not later than 60 days after mailing of the Notice, which shall be sent to the Claims Administrator. Written requests for exclusion must be signed and include the individual's name, address, and telephone number, and expressly state the desire to be excluded from the Settlement Class. Requests for exclusion must be exercised individually by the Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted by a Class Member's Legally Authorized Representative.

13. All Class Members who do not opt out of the Class shall be bound by any Approval Order and Final Judgment entered pursuant to the Stipulation of Settlement, and shall be barred and enjoined, now and in the future, from asserting any and all of the Released Claims, as defined in the Stipulation of Settlement, against the Released Persons, as defined in the Stipulation of Settlement, and any such Class Member shall be conclusively deemed to have released any and all such Released Claims.

14. Class Counsel agree that any representation, encouragement, solicitation or other assistance, including but not limited to referral to other counsel, of or to any Opt Outs or any other person seeking to litigate with Defendants over any of the claims covered under the Release in this matter could place Class Counsel in an untenable conflict of interest with the Class.

15. Accordingly, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) not to represent, encourage, solicit or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any Opt Out except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted under the terms of this provision.  Additionally, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable professional rules) not to represent, encourage, solicit or otherwise assist, in any way whatsoever, any Opt Out or any other person who seeks to represent any form of opt-out class, or any other person, in any subsequent litigation that person may enter into with Released Persons regarding the Released Claims or any related claims, except that suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted.

16. The Settlement fits within the parameters necessary for potential final approval, and is therefore hereby preliminarily approved, but is not to be deemed an admission of liability or fault by Defendants or by any other person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by Defendants.  The Settlement is not a concession and shall not be used as an admission of any fault or omission by Defendants or any other person or entity. Neither the terms or provisions of the Stipulation of Settlement, nor any related document, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action nor proceeding, to establish any liability or admission by Defendants except in any proceedings brought to enforce the Stipulation of Settlement, except that the Released Persons may file this Order in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

17. Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

18. Pending final determination as to whether the Proposed Settlement should be approved, no Class Member shall commence, prosecute, pursue, or

litigate any Released Claims against any Released Person, whether directly, representatively, or in any capacity, and regardless of whether any such Class Member has appeared in the Action.

IT IS SO ORDERED

Dated September 15, 2016

Ronald B. Leighton
United States District Judge