IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN and MARILYN LEWIS, individually and on behalf of the class of similarly situated persons,<br><br>                  Plaintiff,<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, HARTFORD UNDERWRITERS INSURANCE COMPANY, TRUMBULL INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, HARTFORD INSURANCE COMPANY OF THE MIDWEST, HARTFORD ACCIDENT AND INDEMNITY COMPANY, and SENTINEL INSURANCE COMPANY, LIMITED,<br><br>                  Defendants. | Case No. 15-cv-05275-RBL<br><br>FINAL ORDER APPROVING SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE |

On the 10th day of February, 2017, the matter of the Court's final approval of the Stipulation of Settlement, also sometimes referred to as the Agreement, submitted on August 28, 2016 by the Motion for Order Preliminarily Approving Settlement, Approving Notice to Class Members, and Setting Date for Settlement Fairness Hearing, came before the Court for consideration. Appearing on behalf of Plaintiffs and the Settlement Class was Stephen M. Hansen ("Class Counsel"). Appearing on behalf of Defendants was Matthew Adams.

WHEREAS, Plaintiffs, John and Marilyn Lewis, on behalf of themselves and the proposed Settlement Class, and Defendants, Property and Casualty Insurance Company of Hartford, Hartford Casualty Insurance Company, Hartford Underwriters Insurance Company, Trumbull Insurance Company, Twin City Fire Insurance Company, Hartford Insurance Company of the

Midwest, Hartford Accident and Indemnity Company, and Sentinel Insurance Company, Limited, individually and on behalf of all affiliated entities (collectively, "Defendants," and as defined in the Stipulation of Settlement), have executed and filed a Stipulation of Settlement with the Court on August 28, 2016, and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Agreement and are hereby incorporated by reference; and

WHEREAS, the Court, on September 16, 2016, [Dkt. #58] entered the Preliminary Approval Order, preliminarily approving the Proposed Settlement and conditionally certifying this Action, for settlement purposes only, as a class action; and

WHEREAS, John and Marilyn Lewis were approved in the Preliminary Approval Order as the Class Representatives; and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that a plan for disseminating notice of the Settlement ("Notice Plan") be implemented, and scheduled a hearing to be held on February 10, 2017, to determine whether the Proposed Settlement should be approved as fair, reasonable and adequate; and

WHEREAS, Defendants and Class Counsel have satisfactorily indicated to the Court that the Notice Plan was followed; and

WHEREAS, a final approval hearing was held on February 10, 2017, at which all interested persons were given an opportunity to be heard, and all objections to the Settlement, if any, were duly considered;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Proposed Settlement, and having reviewed and considered the files and records herein, finds and concludes as follows:

1. The Complaint filed in this Action alleges generally that, in breach of the Policies, Defendants improperly failed to pay the Plaintiffs and Settlement Class Members (as hereinafter defined) for diminished value with respect to uninsured and underinsured motorist property damage coverage ("UIM PD") claims.

2. As part of the Preliminary Approval Order, the Court certified the Settlement Class, for settlement purposes only, defined as follows:

> All insureds of Defendants insured under a Washington personal lines automobile insurance policy issued in Washington State who were involved in an automobile accident from March 17, 2010 until the date of preliminary approval, which caused damage to their vehicle, where the insured's vehicle's damage was covered under the UIM PD coverage, and
>
> 1. The repair estimates on the vehicle (including any supplements) totaled at least $1,000; and
>
> 2. The vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and
>
> 3. The vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.
>
> Excluded from the Class are (a) claims involving leased vehicles or total losses, (b) employees of Defendants, (c) the assigned judge, the judge's staff and family.

3. The Court hereby affirms this definition of the Settlement Class for purposes of this Final Judgment.

4. The Court certifies the Settlement Class in this Action, for settlement purposes only, under Fed. R. Civ. P. 23(a) and (b)(3), and, in so doing, finds that, for settlement purposes only, the requirements for maintaining a class action, at the settlement stage, have been met.

5. The Class Representatives have entered into the Agreement which has been filed with the Court. The Agreement provides for the Settlement of this Action with Defendants on behalf of the Class Representatives and the Settlement Class Members, subject to approval by the Court of its terms. The Court scheduled a hearing to consider the approval of the Settlement, and directed that the Notice be disseminated in accordance with the terms of the Preliminary Approval Order.

6. In accordance with the terms of the Settlement and the Preliminary Approval Order, the parties implemented the Notice Plan approved by the Court. Defendants' counsel and Class Counsel have confirmed to the Court that the Parties complied with the Notice Plan.

7. The Court hereby finds that the Notice Plan and the Notice constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Class.

8. The Class Representatives and Defendants have applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. Pursuant to the Class Notice, a hearing was held before this Court, on February 10, 2017, to determine whether the Proposed Settlement of the Action should be finally approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement and dismissing all claims in the Action on the merits, with prejudice and without leave to amend should be entered.

9. The Court hereby finds that approval of the Agreement and the Settlement embodied therein will result in substantial savings of time and money to the Court and the litigants and will further the interests of justice.

10. The Court hereby finds that the Proposed Settlement is the result of good faith arm's length negotiations by the Parties thereto.

11. The Court hereby finds the terms of the Settlement are fair, reasonable and adequate.

NOW, THEREFORE, GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED, ADJUDGED AND DECREED THAT:

12. The Court possesses jurisdiction over the subject matter of this Action, the Class Representatives, the Settlement Class Members, Defendants, and the Released Persons.

13. Two (2) Settlement Class Members have filed requests for exclusion. All remaining Settlement Class Members are therefore bound by this Final Judgment and by the Agreement and the Settlement embodied therein.

14. All provisions and terms of the Settlement are hereby found to be fair, reasonable and adequate as to the Settlement Class Members and the Class Representatives, and all provisions and terms of the Settlement are hereby finally approved in all respects.

15. The Parties are hereby directed to consummate the Settlement in accordance with its terms.

16. This Action is dismissed in its entirety, on the merits, with prejudice and without leave to amend, and all members of the Settlement Class and their respective heirs, predecessors, successors, assigns, family members, personal representatives, attorneys, officers, stockholders, employees, executors, administrators, insurers, reinsurers, underwriters, directors and/or past, present and future parent, subsidiary and affiliated corporations, and any other person or entity who could or might assert any claim under or through any of the foregoing, shall be forever barred and permanently enjoined from asserting, either directly or indirectly, individually, or in a

representative capacity or on behalf of or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any Released Person.

17. As of the Effective Date, by operation of the entry of the Final Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Settlement Class Members may have against all the Released Persons.

18. "Released Claims" means and includes any and all claims for relief or causes of action, Unknown Claims, known claims, rights, demands, actions, suits, debts, liens, contracts, liabilities, agreements, interest, fees, costs, expenses or losses, including but not limited to claims based in contract or tort, common law or equity, and federal, state, or local law, statute, ordinance, or regulation, and any other claims for relief and/or remuneration whatsoever, including, but not limited to, all claims arising out of the Defendants' handling or administering of claims for UIM PD Coverage or UIM property damage; claims for bad faith; claims for UIM PD Coverage or UIM property damage; claims for diminished value or stigma; breach of any written or oral agreement or insurance contract or any similar act; waiver; estoppel; any tortious injury, including any intentional or negligent acts; agent negligence; failure to procure coverage or misconduct; punitive damages; treble damages; statutory damages; regulatory claims; claims for violation of the Washington Consumer Protection Act or any similar act; claims for violation of the Washington Insurance Fair Conduct Act or any similar act; misrepresentation; and/or any claim for attorneys' fees and expenses; arising on or before the date hereof, which the Releasing Parties had, have, may have in the future, or which are or could have been alleged by the Plaintiffs in the Action, for themselves and on behalf of the Settlement Class, that relate in any way whatsoever to the Action.

19. "Released Persons" means Defendants, as defined in the Agreement, and any of their past, present or future subsidiaries, controlled, affiliated, related and/or parent corporations, business entities or divisions, heirs, predecessors, successors, assigns, officers, stockholders, insurers, reinsurers, underwriters, directors, agents, employees and/or independent contractors, attorneys-in-fact, and/or past, present and future parent, subsidiary and affiliated corporations and/or any other person or entity who could or might be subject to any liability under or through any of the foregoing.

20. "Unknown Claims" means claims arising out of facts found hereafter to be other than or different from the facts now believed to be true, relating to any matter covered by this Stipulation, as to any of the Released Claims.

21. It is hereby determined that the Notice Plan and the Notice constituted the best notice practicable under the circumstances to all members of the Settlement Class, and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of the Settlement has been provided to all the Settlement Class Members, and this Court hereby finds that the Class Notice complied fully with the requirements of due process, the Federal Rules of Civil Procedure, the Washington Code of Civil Procedure, and all other applicable laws.

22. Within thirty (30) days after the Effective Date, Class Counsel shall return, upon request, to Defendants all Confidential Information and copies thereof in their possession, custody, or control and delete any electronic copies of Confidential Information. Within forty-five (45) days after the Effective Date, Class Counsel shall deliver a letter to Defendants confirming their compliance with this paragraph -- including a description of steps taken to assure the deleted material cannot be recovered or restored. In the event that any Confidential

Information or documents have already been destroyed, Class Counsel will include in that letter the name and address of the person(s) who destroyed the Confidential Information and/or documents.

23. Also in furtherance of this confidentiality provision, Class Counsel and the Class Representatives agree not to make any statements to the media or in any public forum, orally or in writing, about the Action, or the Stipulation, other than statements which are fully consistent with the Stipulation and the Class Notice.

24. Class Counsel agree that any representation, encouragement, solicitation or other assistance, including but not limited to referral to other counsel, of or to any Opt Outs or any other person seeking to litigate with Defendants over any of the claims covered under the Release in this matter could place Class Counsel in an untenable conflict of interest with the Class.

25. Accordingly, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) not to represent, encourage, solicit or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any Opt Out except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted under the terms of this provision. Additionally, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable professional rules) not to represent, encourage, solicit or otherwise assist, in any way whatsoever, any Opt Out or any other person who seeks to represent any form of opt-out class, or any other person, in any subsequent litigation that person may enter into with Released Persons regarding the Released Claims or any related claims,

except that suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted.

26. Neither this Final Judgment, the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of Defendants.  To the extent permitted by law, neither this Final Judgment, the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by Defendants, except in any proceedings brought to enforce the Stipulation and except that any Released Persons may file this Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Neither this Final Judgment, the Stipulation, nor any pleading or other paper related in any way to this Stipulation, nor any act or communication in the course of negotiating, implementing or seeking approval of the Stipulation, shall be deemed an admission by Defendants that certification of a class or subclass is appropriate in any other litigation, or otherwise shall preclude Defendants from opposing or asserting any argument they may have with respect to certification of any class(es) or subclass(es) in any proceeding, or shall be used as precedent in any way as to any subsequent conduct of Defendants, except as set forth in the Stipulation.

27. The Court has considered the request for -Class Representative awards, and hereby approves and awards the Class Representatives, John and Marilyn Lewis, the amount of $7,500.00 and $5,000.00, respectively, to be paid by Defendants within fourteen (14) days after the Effective Date.

28. The Court has considered Class Counsel's request for an attorneys' fees and costs award of for the prosecution of this action, and hereby makes an award in the amount of $155,505.00.

29. The sums set forth in Paragraphs 27 and 28 above shall be paid in accordance with the Stipulation, and out of the sources set forth therein.

30. This Final Judgment is a final order in the Action within the meaning and for the purposes of Rules 23(e), 41, and 54 of the Federal Rules of Civil Procedure as to all claims among Defendants on the one hand, and the Class Representatives and all Settlement Class Members, on the other, and there is no just reason to delay enforcement or appeal.  Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

A. Enforcing this Final Judgment, the Agreement and the Settlement;

B. Hearing and determining any application by any Party to the Settlement for a settlement bar order; and

C. Any other matters related or ancillary to any of the foregoing.

IT IS SO ORDERED.

DATED:  February 10, 2017.

_____
Ronald B. Leighton
United States District Judge